UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK JAMES EDWARDS,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>    Defendant(s). | Case No. EDCV 17-1208-PA (KK)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

**I.**

**INTRODUCTION**

On May 30, 2017, Plaintiff Frank James Edwards ("Plaintiff"), proceeding pro se and in forma pauperis, constructively filed[1] a Complaint ("Complaint) pursuant to Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971), and 28 U.S.C. § 2671, et seq., the Federal Tort Claims Act ("FTCA"). Dkt. 1, Compl. Plaintiff

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by pro se prisoners"); Mayer v. Redix, No. CIV S-10-1552 GGH P, 2012 WL 360202, at *7 n.22 (E.D. Cal. Feb. 2, 2012) on reconsideration, No. CIV S-10-1552 GGH P, 2012 WL 1082044 (E.D. Cal. Mar. 30, 2012) (applying "mailbox rule" to Bivens action).

sues defendants Warden Johnson, Medical Administrator Doe, and Louis C. Redix, Jr. under Bivens for violation of Plaintiff's Eighth Amendment rights and defendant United States of America under the FTCA. Id.[2] Plaintiff's claims arise out of the handling of Plaintiff's left knee surgery on June 4, 2015. Id.

As discussed below, the Court dismisses the Complaint with leave to amend.[3]

## II.
## **STANDARD OF REVIEW**

As Plaintiff is proceeding in forma pauperis, the Court must screen the Complaint and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28

---

[2] Plaintiff does not state specifically whether the individual defendants are sued in their official or individual capacities, but the Court presumes they are sued in their individual capacity, as a Bivens action may proceed against defendants only in their individual capacity. See Daly-Murphy v. Winston, 837 F.2d 348, 356 (9th Cir. 1987).

[3] On January 22, 2018, defendant United States of America filed a motion to dismiss the Complaint arguing Plaintiff's FTCA claim against the United States is barred by sovereign immunity. Dkt. 15, MTD.

Sovereign immunity is a jurisdictional bar to a suit against the United States and its agencies. See F.D.I.C. v. Meyer, 510 U.S. 471, 475, 114 S. Ct. 996, 127 L. Ed. 2d 308 (1994). The FTCA waives sovereign immunity only for claims alleging "the negligent or wrongful act or omission *of any employee of the government* while acting within the scope of his office or employment." Valadez-Lopez v. Chertoff, 656 F.3d 851, 858 (9th Cir. 2011) (citing 28 U.S.C. § 1346(b)(1)) (emphasis added). "The circuit courts are unanimous in holding that a contract physician is not an employee of the government under the FTCA." Carrillo v. United States, 5 F.3d 1302, 1304 (9th Cir. 1993).

Here, based on the declaration provided by Defendants stating that defendant Redix is an independent contractor and not an employee of the United States, it appears sovereign immunity bars Plaintiff's claim against the United States. See Dkt. 15-1, Declaration of Sameia Smith, ¶¶ 2-4. However, neither Defendants nor the Court provided Plaintiff with notice pursuant to pursuant to Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998) (en banc). Therefore, the Court declines to address Defendants' argument at this time.

Nevertheless, because the Court is dismissing the Complaint, the Court deems the motion to dismiss MOOT.

2

U.S.C. § 1915(e)(2)(B); see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

In determining whether a complaint fails to state a claim for screening purposes, the Court applies the same pleading standard as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012). Under Federal Rule of Civil Procedure Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A complaint may be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). However, the Court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008).

Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

"A document filed pro se is 'to be liberally construed,' and a 'pro se complaint, however inartfully pleaded, must be held to less stringent standards

than formal pleadings drafted by lawyers.'" Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008). However, liberal construction should only be afforded to "a plaintiff's factual allegations," Neitzke v. Williams, 490 U.S. 319, 330 n.9, 109 S. Ct. 1827, 104 L. Ed. 2d 339 (1989), and the Court need not accept as true "unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations," Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003).

If the court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if the plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

### III.
### ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges on June 4, 2015, while he was incarcerated at Federal Correctional Institution-Victorville ("FCI Victorville"), defendant Redix performed surgery on Plaintiff's left knee. Compl. at 3. Plaintiff alleges defendant Redix "administer[ed] inadequate medical treatment" and the surgery caused his knee condition to get worse, leaving him "handicap[ped]." Id. Plaintiff complains that as a result of the surgery he walks with a limp, has difficulty climbing stairs, can no longer jog, and is in constant pain. Id.

Plaintiff further alleges that defendants Johnson and Doe knew defendant Redix was not qualified to perform Plaintiff's surgery, but approved and allowed the surgery to be performed by defendant Redix. Id.

Finally, Plaintiff alleges defendant United States of America "breached the standard of care" owed to Plaintiff as a federal prisoner to receive adequate medical treatment and denied him a safe, clean, and humane environment in which to serve his sentence. Id. at 3-4.

## IV.

## DISCUSSION

### PLAINTIFF FAILS TO SUFFICIENTLY ALLEGE A DELIBERATE INDIFFERENCE CLAIM AGAINST ANY DEFENDANT

Prison officials or private physicians under contract to treat state inmates "violate the Eighth Amendment if they are deliberately indifferent to a prisoner's serious medical needs." Peralta v. Dillard, 744 F.3d 1076, 1081 (9th Cir. 2014) (citation, internal quotation marks, and alterations omitted); Farmer v. Brennan, 511 U.S. 825, 828, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994); West v. Atkins, 487 U.S. 42, 54, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988). To assert a deliberate indifference claim, a prisoner plaintiff must show the defendant (1) deprived him of an objectively serious medical need, and (2) acted with a subjectively culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 297, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991).

"A prison official is deliberately indifferent to [a serious medical] need if he knows of and disregards an excessive risk to inmate health." Peralta, 744 F.3d at 1082 (citation and internal quotation marks omitted). "Deliberate indifference may appear when prison officials deny, delay, or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. (citation and internal quotation marks omitted). In either case, however, the indifference to the inmate's medical needs must be purposeful and substantial; negligence, inadvertence, or differences in medical judgment or opinion do not rise to the level of a constitutional violation. Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations omitted); Toguchi v.

Chung, 391 F.3d 1051, 1060 (9th Cir. 2004) (negligence constituting medical malpractice is not sufficient to establish an Eighth Amendment violation).

Here, Plaintiff does not allege any defendant acted with a subjectively culpable state of mind "in conscious disregard of an excessive risk to plaintiff's health." Jackson, 90 F.3d at 331. Rather, Plaintiff merely alleges defendant Redix provided "inadequate medical treatment" and defendants Johnson and Doe knowing of other complaints against defendant Redix, nevertheless allowed him to perform the surgery on Plaintiff. However, Plaintiff's allegations of negligence or differences in medical judgment or opinion do not rise to the level of a constitutional violation. Id. at 332. Accordingly, Plaintiff fails to state a deliberate indifference claim against any defendant.

## V.
## **LEAVE TO FILE A FIRST AMENDED COMPLAINT**

For the foregoing reasons, the Complaint is dismissed. As the Court is unable to determine whether amendment would be futile, leave to amend is granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following three options:

1. Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use.**

2. Alternatively, Plaintiff may file a First Amended Complaint to attempt to cure the deficiencies discussed above. **The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the First Amended Complaint, which the Court encourages Plaintiff to use.**

If Plaintiff chooses to file a First Amended Complaint, Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form. Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the Complaint. In addition, the First Amended Complaint must be complete without reference to the Complaint or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat all preceding complaints as nonexistent. Id. Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the First Amended Complaint. Lacey v. Maricopa Cty., 693 F.3d 896, 928 (9th Cir. 2012).

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a First Amended Complaint that continues to include claims on which relief cannot be granted. "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" Ismail v. Cty. of Orange, 917 F. Supp.2d 1060, 1066 (C.D. Cal. 2012); see also Ferdik, 963 F.2d at 1261. Thus, **if Plaintiff files a First Amended Complaint with claims on which relief cannot be granted, the First Amended Complaint will be dismissed without leave to amend and with prejudice.**

///
///
///
///
///

**Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint will result in this action being dismissed with prejudice for failure to state a claim, prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

Dated: April 03, 2018

/s/ Kenly Kato
HONORABLE KENLY KIYA KATO
United States Magistrate Judge